IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| DAVID ALLEN MORGAN | § | |
| v. | § | CIVIL ACTION NO. 6:24cv54 |
| OFFICER DAVIS, ET AL. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

The Plaintiff David Morgan, a former inmate of the Henderson County Jail proceeding *pro se*, filed this civil action complaining of alleged violations of his constitutional rights during his confinement in the jail. The lawsuit was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. 636(b)(1) and (3) and Local Rule CV-72 of the Local Rules of Court for the Eastern District of Texas. The named Defendants are Henderson County Sheriff Botie Hillhouse, Captain Alsobrooke, Officer Massey, and Officer Davis.

**I. The Plaintiff's Complaint**

Plaintiff states that on October 12, 2023, around 7:30 p.m., he went to the door of his tank in the Henderson County Jail and received medication from Nurse Tera. As he turned to walk away, Plaintiff states that Officer Davis used a broom handle to pull down Plaintiff's pants, exposing his rectum, and then penetrated his anus with the broom handle. This happened in front of six other inmates as well as nursing staff. Plaintiff states that he remained in fear while in Henderson County with no avenue for relief until he was transferred to state jail, when he could file his claim without the oppression of Henderson County officials.

Later that same evening, Plaintiff says that Captain Alsobrooke took him to an isolated area to discuss the incident in private. After the conversation, Plaintiff says that he was sent back to his pod, but Captain Alsobrooke did not contact him again. Plaintiff contends that this shows deliberate

1

indifference to his health and safety. He says that Captain Alsobrooke maintains the daily operations of the jail and is responsible for its inmates' safety and well-being.

Plaintiff states that Officer Massey is the PREA (Prison Rape Elimination Act) officer. On October 16, 2023, Massey called Plaintiff to his office for an interview, which was supposedly documented on video. Other inmates from the pod as well as Nurse Tera were also called as witnesses.

Finally, Plaintiff states that Sheriff Hillhouse has ultimate authority over the functioning and policies of the jail, including ensuring the proper training of all employees. He argues that Sheriff Hillhouse was deliberately indifferent in allowing Davis, an inexperienced 19 year old, to have control over the lives of persons incarcerated in the facility.

## II. The Defendants' Motion for Summary Judgment Based on Exhaustion

The Defendants Hillhouse, Massey, and Alsobrooke have filed a motion for summary judgment based upon exhaustion of administrative remedies. They state that Plaintiff received a handbook which sets out the grievance procedure of the Henderson County Jail. This procedure entails the filing of a formal grievance to the captain, who can resolve the issue or forward it to a grievance board. The decision on the grievance may be appealed to the major or the Sheriff within five days of the decision, and the decision of the Sheriff or his designee shall be final.

In this case, the Defendants attach an affidavit from Sheriff Hillhouse stating that while Plaintiff filed numerous grievances during his stay in the jail, he did not appeal the decisions on any of them. (Docket no. 22-2, p. 2). Plaintiff did not file a response to the motion for summary judgment; accordingly, the district court may accept as undisputed the facts listed in support of the Defendant's motion. *Eversley v. Mbank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988); *United States v. Dallas Area Rapid Transit*, 96 F.3d 1445, 1996 U.S. App. LEXIS 25217, 1996 WL 512288 (5th Cir. August 30, 1996).

**III. Discussion**

The law governing the exhaustion of administrative remedies is found in 42 U.S.C. § 1997e, which provides as follows:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Under this statute, prisoners are required to exhaust available administrative remedies before filing suit in federal court. *Jones v. Bock*, 549 U.S. 199, 202, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007); *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004). Proper exhaustion is required, meaning the prisoner must not only pursue all available avenues of relief, but must also comply with all deadlines and procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 89-95, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006). This requirement means mere "substantial compliance" with administrative remedy procedures does not satisfy exhaustion; instead, prisoners must exhaust administrative remedies properly. *Dillon v. Rogers*, 596 F.3d 260, 268 (5th Cir. 2010). The district court may not excuse failure to exhaust available administrative remedies prior to filing a lawsuit under the Prison Litigation Reform Act, even to take "special circumstances" into account. *Ross v. Blake*, 136 S.Ct. 1850, 1856-57, 195 L.Ed.2d 117 (2016); *Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012) (stating that "pre-filing exhaustion is mandatory and the case must be dismissed if available administrative remedies were not exhausted.")

All of the steps in a facility grievance procedure must be pursued in order to exhaust administrative remedies. *Johnson*, 385 F.3d at 515. The summary judgment evidence shows that the Henderson County Jail has a two-step grievance procedure, of which the first step if the filing of a formal grievance to the captain, and the second step is an appeal to the major or the Sheriff. (Docket no. 22-1, pp. 3-5; docket no. 22-2, pp. 2-3).

The Fifth Circuit has stated that the exhaustion requirement must be interpreted in light of its purposes, which include the goal of giving prison officials "time and opportunity to address complaints internally." *Johnson*, 385 F.3d at 516, *citing Porter v. Nussle*, 534 U.S. 516, 525, 122

S.Ct. 983, 152 L.Ed.2d 12 (2002). Thus, a grievance is considered sufficient to the extent it "gives officials a fair opportunity to address the problem that will later form the basis of the lawsuit." *Johnson*, 385 F.3d at 517.

The statute requires prisoners to exhaust "available" administrative remedies, and the Supreme Court has identified three circumstances under which administrative remedies are considered "unavailable." *Ross*, 578 U.S. at 643. The first of these is where the administrative remedy procedure operates as a simple dead end, with officials unable or consistently unwilling to provide any relief. The Court gave as an example where a prison handbook directed inmates to submit their grievances to a particular administrative office, but in practice that office disclaimed any capacity to consider those petitions, or if administrative officials have apparent authority, but decline ever to exercise it.

The second circumstance is where an administrative scheme is so opaque that it becomes, practically speaking, incapable of use; in other words, a mechanism exists to provide relief, but no ordinary prisoner can discern or navigate it.

The third circumstance is when prison or jail administrators "thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Ross*, 578 U.S. at 644.

The Fifth Circuit has long held that conclusory assertions of exhaustion are insufficient to overcome a properly supported motion for summary judgment. *See, e.g.*, *Gilliam v. Anderson County Sheriff's Department*, 825 F.App'x 232 (5th Cir. 2020) (conclusory assertion that plaintiff "attempted to exhaust" administrative remedies was not sufficient); *Huff v. Neal*, 555 F.App'x 289, 2014 U.S. App. LEXIS 1535, 2014 WL 274500 (5th Cir., January 27, 2014) (unsupported allegations of exhaustion are insufficient to defeat a motion for summary judgment because "conclusory allegations supported by conclusory affidavits are insufficient to require a trial,") citing *Shaffer v. Williams,* 794 F.2d 1030, 1033 (5th Cir. 1986); *see also Kidd v. Livingston*, 463 F.App'x 311, 2012 U.S. App. LEXIS 3970, 2012 WL 614372 (5th Cir., February 28, 2012) ("conclusory

assertions and production of an unprocessed Step Two form in the district court failed to create a genuine dispute as to his exhaustion of this grievance,") *citing Freeman v. Texas Department of Criminal Justice*, 369 F.3d 854, 860 (5th Cir. 2004); *Ryan v. Phillips*, 558 F.App'x 477, 2014 U.S. App. LEXIS 5087, 2014 WL 1017117 (5th Cir., March 18, 2014) ("conclusory and unsubstantiated assertion that he initiated the applicable grievance procedure is insufficient to refute the lack of evidence that he filed any formal or informal grievances,") *citing Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010).

These holdings comport with the long-standing principle that a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. *Powers v. Northside Independent School District*, 951 F.3d 298, 307 (5th Cir. 2020).[1]

In his original complaint, Plaintiff checked "yes" to a box on the standard lawsuit form asking if he had exhausted all steps of the institutional grievance procedure, but offered no further elaboration. Even though Plaintiff's sworn pleadings are competent summary judgment evidence, the checking of this box amounts to a conclusory assertion which is no more than a scintilla of evidence, and thus cannot overcome the Defendants' properly supported motion for summary judgment. *Compare Favela v. Collier*, 91 F.4th 1210, 1213-14 (5th Cir. 2024) (prisoner's sworn statement setting out facts detailing attempts at exhaustion was sufficient to overcome the defendants' motion for summary judgment alleging failure to exhaust). In the present case, the summary judgment evidence shows that Plaintiff did not pursue the grievance procedure through all available steps and did not exhaust his administrative remedies. *Johnson*, 385 F.3d at 515.

---

[1] Otherwise, a prisoner could defeat the exhaustion requirement by the simple expedient of filing conclusory declarations claiming exhaustion without support in the record, or asserting that prison officials refused to process his grievances. *West v. Polk*, civil action no. 5:19cv74, 2022 U.S. Dist. LEXIS 176063, 2022 WL 7376199 (E.D.Tex., May 18, 2022), *Report adopted at* 2022 U.S. Dist. LEXIS 175055, 2022 WL 4486970 (E.D.Tex., September 27, 2022), *citing Wall v. Black*, civil action no. 5:08cv274, 2009 U.S. Dist. LEXIS 90193, 2009 WL 3215344 (S.D.Miss., September 30, 2009) (prisoner's claim that prison officials denied him grievance forms does not automatically defeat summary judgment on the issue of exhaustion; instead, the prisoner must present sufficiently specific facts and not bald, conclusory assertions).

Plaintiff has offered nothing to suggest that the administrative remedy procedures of the Henderson County Jail are "a simple dead end," that they are so opaque as to be incapable of use, or that he was thwarted from taking advantage of the grievance procedure through machination, misrepresentation, or intimidation. His conclusory allegations are insufficient to overcome the motion for summary judgment filed by the Defendants Hillhouse, Massey, and Alsobrooke, and this motion should be granted.

The other named Defendant, Officer Davis, has not answered the lawsuit and did not join in the motion for summary judgment. However, this motion and the summary judgment evidence demonstrates that Plaintiff did not exhaust his available administrative remedies regarding his claims. The Fifth Circuit has held that when a defending party establishes that a plaintiff has no cause of action, this defense inures to the benefit of defaulting or non-moving defendants. *Lewis v. Lynn*, 236 F.3d 766, 768 (5th Cir. 2001). The motion for summary judgment established that Plaintiff had no cause of action against any of the named Defendants because he did not exhaust his administrative remedies. This, the motion inures to the benefit of Officer Davis as well.

**IV. Conclusion**

On motions for summary judgment, the Court must examine the evidence and inferences drawn therefrom in the light most favorable to the non-moving party; after such examination, summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Burleson v. Texas Department of Criminal Justice*, 393 F.3d 577, 589 (5th Cir. 2004); Fed. R. Civ. P. 56. If the moving party meets the initial burden of showing there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial. *Id.*, *citing Allen v. Rapides Parish School Board*, 204 F.3d 619, 621 (5th Cir. 2000).

To avoid summary judgment, the non-moving party must adduce admissible evidence which creates a fact issue concerning existence of every essential component of that party's case;

6

unsubstantiated assertions of actual dispute will not suffice. *Thomas v. Price*, 975 F.2d 231, 235 (5th Cir. 1992), *citing Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the defendant has shifted the burden to the plaintiff by properly supporting his motion for summary judgment with competent evidence indicating an absence of genuine issues of material fact, the plaintiff cannot meet his burden by some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence; summary judgment is appropriate in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the non-movant. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994); *Boudreaux v. Swift Transportation Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005).

There is no genuine issue for trial if the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party. *Prison Legal News v. Livingston*, 683 F.3d 201, 211 (5th Cir. 2012). The court has no obligation to sift the record in search of evidence to support a party's opposition to summary judgment. *Adams v. Traveler's Indemnity Co.*, 465 F.3d 156, 164 (5th Cir. 2008). Instead, a party opposing summary judgment must identify specific evidence in the record which supports the challenged claims and articulate the precise manner in which the evidence supports the challenged claim. *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). A properly supported motion for summary judgment should be granted unless the opposing party produces sufficient evidence to show a genuine factual issue exists. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

In this case, the unrebutted summary judgment evidence shows that Plaintiff did not exhaust his administrative remedies as required before bringing suit. *Gonzalez*, 702 F.3d at 788. The Defendants' motion for summary judgment should be granted and the lawsuit dismissed with prejudice. *See Donahue v. Wilder*, 824 F.App'x 261, 1010 U.S. App. LEXIS 26952, 2020 WL 5033006 (5th Cir., August 24, 2020) (failure to exhaust claim properly dismissed with prejudice

where it is now too late to exhaust), *citing Dawson Farms, LLC v. Farm Services Agency*, 504 F.3d 592, 607 (5th Cir. 2007).

## RECOMMENDATION

It is accordingly recommended that the motion for summary judgment of the Defendants Sheriff Hillhouse, Captain Alsobrooke, and Officer Massey (docket no. 22) be granted and the above-styled lawsuit be dismissed with prejudice.

A copy of these findings, conclusions and recommendations shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendations must file specific written objections within 14 days after being served with a copy.

In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's proposed findings, conclusions, and recommendation where the disputed determination is found. An objection which merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific, and the district court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

Failure to file specific written objections will bar the objecting party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted and adopted by the district court except upon grounds of plain error. *Duarte v. City of Lewisville*, 858 F.3d 348, 352 (5th Cir. 2017).

**So ORDERED and SIGNED this 2nd day of July, 2024.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE